IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

**JOY PETREE,**

    **Plaintiff,**

vs.                                                                     **Docket No.:_____**
                                                                           **JURY DEMANDED**

**WAYNE E. HUCKEBA and**
**SOUTHLAND INTERNATIONAL TRUCKS, INC.,**

    **Defendant.**

---

## COMPLAINT
---

COMES NOW the Plaintiff, Joy Petree, by and through undersigned counsel, and for cause of action against the Defendants, Wayne E. Huckeba, and Southland International Trucks, Inc. would respectfully state as follows:

### I.     JURISDICTION AND VENUE

1. This Court has jurisdiction over this action in accordance with 28 U.S.C. § 1332(a), as this is an action between citizens of different states: 1) Plaintiff Joy Petree is a citizen of Tennessee; 2) Defendant Wayne E. Huckeba is a citizen of Alabama; and 3) Defendant Southland International Trucks, Inc. is an Alabama corporation, and the amount in controversy exceeds seventy-five thousand ($75,000) dollars, exclusive of interest and costs.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as all relevant facts giving rise to this case and damages sustained by Plaintiff occurred in Knox County, Tennessee,

which is a part of the United States District Court for the Eastern District of Tennessee, Knoxville Division.

## II. PARTIES

3. Plaintiff, Joy Petree, is an adult resident citizen of Union County, Tennessee, residing therein at 103 Brookview Dr., Maynardville, TN 37807. Plaintiff brings this cause of action against the Defendants to recover all damages to which she may be entitled under the law.

4. Defendant, Wayne E. Huckeba, is an adult resident citizen of St. Clair County, Alabama, residing therein at 11103 AL Hwy. 144, Ragland, AL, 35131, at all times relevant hereto, was an individual employed by the Defendant, Southland International Trucks, Inc.

5. Defendant, Southland International Trucks, Inc., at all times relevant hereto, was an Alabama Corporation, organized and incorporated under the laws of the State of Alabama. They have listed as their registered agent for service of process Andrew G. Linn at 200 Oxmoor Blvd., Birmingham, AL 35209-4735.

## III. FACTS

6. The preceding allegations 1-5 are incorporated herein by reference.

7. This cause of action arises out of an automobile collision between a vehicle owned by Plaintiff Joy Petree and tractor trailer owned by Defendant Southland International Trucks, Inc. and operated by Defendant Wayne E. Huckeba. The collision occurred on August 28, 2018, at approximately 5:41 p.m. on I-75 in Knox County in clear, daylight conditions.

8. Upon information and belief, on or about August 28, 2018, Defendant Huckeba was operating the tractor trailer traveling North on I-75 in Lane 1. Defendant Huckeba crossed lanes and struck the rear of Plaintiff's automobile.

9. Plaintiff Petree was safely and properly operating her automobile, in accordance with all relevant traffic laws, while traveling North on I-75 in Lane 2.

10. Defendant Huckeba, negligently, carelessly, and/or recklessly, crossed lanes directly striking Plaintiff Petree's automobile. Plaintiff lost control of her vehicle, crossed into Lane 1, struck the inside of the concrete wall, came back across both lanes of interstate traffic, and struck the bridge rail where her vehicle came to a final rest.

11. Defendant Huckeba stopped down the road from the scene of the accident.

12. An independent eyewitness who was traveling behind Plaintiff Petree witnessed the accident and immediately pulled off to wait with Plaintiff until the arrival of police and medical personnel.

13. The initial Crash Report as prepared by Tennessee Highway Patrol Officer, Randall D. Williams provides the accident was a hit and run and it caused by an unknown driver of Vehicle #1. At the time the Trooper William's initial report, the Plaintiff was not interviewed due to her significant injuries. The independent eye witness was not interviewed on the scene.

15. Plaintiff avers that Defendant Huckeba was dishonest with the Trooper Williams, as it was reported that there was a second tractor trailer, unknown Vehicle #1, also traveling in Lane 1 trailer that struck Plaintiff that left the scene of the accident.

16. Both the Plaintiff and independent eyewitness were later interviewed by Trooper Williams on September 24, 2018. Trooper Williams amended the Crash Report to include the statements of each that there was no Vehicle #1, and the only tractor trailer involved was Defendant Huckeba in Vehicle #3.

17. The statements clearly establish Defendant Defendant Huckeba as the sole cause of the accident and injuries suffered by Plaintiff Petree, and that Defendant Huckeba lied on the scene to avoid responsibility.

## IV. CAUSES OF ACTION: NEGLIGENCE

18. The preceding allegations 1-17 are incorporated herein by reference.

19. Defendant Huckeba on behalf of Southland International Trucks, Inc. was guilty of the following acts of common law negligence, each and every one of which was a direct and proximate cause of the accident and injuries described herein:

   a. Failure to operate his vehicle with the degree of care and caution required of a reasonable and prudent person under similar circumstances;
   b. Failure to maintain the vehicle his was operating under due and reasonable control;
   c. Failure to maintain a due and proper lookout in the direction he was driving;
   d. Failure to observe the vehicle operated by Plaintiff Joy Petree traveling beside him prior to crossing into her lane on the interstate;
   e. Failure to exercise due care for the safety of other persons operating vehicles on the road; and
   f. Failure to devote full time and attention to the operation of a motor vehicle.
   g. Commit other such acts and omissions as will be shown through discovery and proven at the trial of this action.

20. Defendant Huckeba was guilty of violating the following statutes of the State of Tennessee, each of which were in full force and effect at the time of the accident, said violations constituting negligence *per se,* and each and every one of which was a direct and proximate cause of the accident and injuries described herein:

a. T.C.A. § 55-8-103    Required obedience to traffic laws - Misdemeanor;
b. T.C.A. § 55-8-136    Drivers to exercise due care;
c. T.C.A. § 55-8-142    Turning Movements;
d. T.C.A. § 55-8-143    Signals for Turn;
e. T.C.A. § 55-8-197    Failure to yield right of way;
f. T.C.A. § 55-10-205   Reckless driving;
g. General negligence in the way the driver on behalf of Southland International Trucks, Inc. drove the tractor trailer at the time of the accident and failed to have his vehicle under control for the conditions then existing.
h. Failure to appropriately adhere to common and accepted practices of tractor trailer drivers.
i. Commit other such acts and omissions as will be shown through discovery and proven at the trial of this action.

21. Defendant Huckeba, acting for and on behalf of Southland International Trucks, Inc., failed to operate the vehicle in a careful manner on August 28, 2018. Huckeba, acting for and on behalf of Southland International Trucks, Inc. was negligent per se and, as a result, Joy Petree incurred the damages referred to herein.

22. In addition to the acts and omissions of Defendant Huckeba which were imputed to, ordered, authorized, known to, ratified and/or condoned by Southland International Trucks, Inc. by one or more of the following acts or omissions, was wrongful and negligent when it:

a. Entrusted a vehicle to an incompetent driver with knowledge of said driver's incompetence;
b. Hired and selected the operator of the commercial vehicle which was involved in the collision with the vehicle in which Petree was the driver;
c. Trained the operator of the commercial vehicle which was involved in the collision with the vehicle in which Petree was the driver;

d. Supervised and monitored the operator of the commercial vehicle which was involved in the collision with the vehicle in which Petree was the driver;

e. Used an unskilled, unknowledgeable, unqualified or disqualified driver;

f. Retained the employment of the operator of the commercial vehicle which was involved in the collision with the vehicle in which Petree was the driver;

g. Violated the Federal Motor Carrier Safety Regulations;

h. Violated Tennessee motor vehicle statutes;

i. Aided and abetted its employees in violation of the Federal Motor Carrier Safety Regulations;

j. Aided and abetted its employees in violation of the Tennessee motor vehicle statutes;

k. Conspired with its drivers in order to violate the Federal Motor Carrier Safety Regulations;

l. Conspired with its drivers in order to violate the Tennessee motor vehicle statutes;

m. Failed to implement and enforce means to prevent its drivers and equipment from operating unsafely or in violation of applicable laws, regulations and/or rules that a reasonable, prudent motor carrier would have implemented and enforced;

n. Maintained the commercial vehicle, including the equipment thereon, that was involved in the collision with the vehicle in which Petree was the driver;

o. Failed to ensure that the commercial vehicle that was involved in the collision with the vehicle in which Petree was the driver had the parts and accessories necessary for safe operation;

p. Inspected the commercial vehicle, including the equipment thereon, which was involved in the collision with the vehicle in which Petree was the driver;

q. Equipped the commercial vehicle that was involved in the collision with the vehicle in which Petree was the driver;

r. Caused and/or contributed to the occurrence made the basis of this lawsuit; and

s. Committed other such acts and omissions as will be shown through discovery and proven at the trial of this action.

23. As a direct and proximate consequence of the aforesaid wrongful and negligent conduct of Defendant Southland International Trucks, Inc., Petree was caused to suffer injuries.

24. Defendant Huckeba's negligence and reckless disregard, which is imputed to his employer, Southland International Trucks, Inc. has caused Plaintiff Petree to sustain severe and permanent injuries. Petree has suffered, and continue to suffer, great mental and physical pain.

25. Defendant Huckeba's negligence and reckless disregard, which is imputed to his employer, Southland International Trucks, Inc. has caused Plaintiff Petree to incur substantial medical bills.

26. Defendant Huckeba operated his vehicle in such a negligent and careless manner that he should have recognized that his conduct created an unreasonable risk of bodily harm to others on the roadway, including Plaintif Joy Petree. Huckeba's conduct caused a physical contact with Petree, to suffer significant injuries, bodily harm and severe emotional distress. Plaintiff will continue to suffer the same into the future as a direct result of Defendant Huckeba's conduct, which is imputed to Southland International Trucks, Inc.

27. The violation of the statutory laws and common law duty by Defendant Huckeba on behalf of Defendant Southland International Trucks, Inc. constitutes negligence which was the legal, direct and proximate producing cause of the accident and resulting injuries and damages sustained by Plaintiff Petree.

## PUNITIVE DAMAGES

28. The preceding allegations 1-27 are incorporated herein by reference.

29. The specific acts and omissions of Defendant Huckeba as set forth herein constitute intentional, fraudulent, malicious, wilful, and/or reckless conduct. Accordingly, Plaintiff is entitled to an award of punitive damages as to him.

30. The general acts and omissions of Defendant Huckeba by operating a motor vehicle as set forth herein, constitute intentional, fraudulent, malicious and/or reckless conduct. Accordingly, Plaintiff is entitled to an award of punitive damages as to him.

## DAMAGES

31. The preceding allegations 1-30 are incorporated herein by reference.

32. As a direct and proximate result of the acts and omissions of Defendants alleged herein, Plaintiff Petree was injured and damaged. The injuries and damages for which Plaintiff Petree seeks compensation include, but are not limited to:

   a. physical pain and suffering of a past, present and future nature;
   b. emotional pain and suffering of a past, present and future nature;
   c. permanent impairment and scarring;
   d. medical bills and expenses of a past, present and future nature;
   e. loss of enjoyment of life;
   f. loss of love, society, affection and consortium of his family of a past, present and future nature;
   i. post-judgment interest;
   j. punitive damages;
   k. statutory and discretionary costs; and
   l. all such further relief, both general and specific, to which he may be entitled under the premises.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1. An award of compensatory damages in an amount considered fair and reasonable by a jury, not to exceed Five Million Dollars ($5,000,000.00) and for all such further relief, both general and specific, to which he may be entitled under the premises.

2. Punitive damages in an amount considered fair and reasonable by a jury, not to exceed Five Million Dollars ($5,000,000.00) and for all such further relief, both general and specific, to which she may be entitled under the premises against.

3. An award of attorney fees and costs; and

4. Such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

THE ERWIN LAW FIRM

/s/ Jacob E. Erwin
JACOB E. ERWIN, BPR #020728
P.O. Box 6650
Maryville, TN 37802
(865) 851-0644
jake@erwinlawtn.com
*Attorney for Plaintiff*